### CARRINGTON v. SILVER & CO.

(Circuit Court of Appeals, Second Circuit. December 17, 1895.)

PATENTS—INFRINGEMENT—GAS STOVES.
　　The Carrington patents, Nos. 419,827 and 420,225, for improvements in gas stoves, construed, and *held* not infringed. 64 Fed. 854, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit by Anna A. Carrington against Silver & Co. for alleged infringement of letters patent No. 419,827, issued January 21, 1890, and No. 420,225, issued January 28, 1890, both to James H. Carrington, for improvements in gas stoves. The circuit court held that neither patent was infringed by defendant, and dismissed the bill. See 64 Fed. 854, where a full statement of the facts will be found. Complainant appeals.

H. Albertus West, for appellant.

J. E. M. Bowen, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We agree with the court below that the appellee's gas stoves do not infringe either of the patents of the

appellant. As to the patent No. 420,225, it is unnecessary to add anything to the opinion of the judge of the circuit court, inasmuch as we fully concur in it.

The claims of patent No. 419,827 are restricted to a stove having "small perforations" throughout its body, or a body "closely perforated" throughout its length, and the stoves of the appellee do not have such perforations. The stove of this patent consists of a hollow body, perforated throughout its length; a top, which is, by preference, closed or imperforate; a burner of any approved type, located near the base of the stove; and a perforated bottom plate. The specification states that by the invention of the patent "there is practically no draft into the stove, except at the bottom, through the perforated bottom plate."

In view of the prior state of the art, the claims must be narrowly construed. As is stated in the opinion of the court below, gas stoves having perforated drums and bottom plates, and burners located near the base, were old. This sufficiently appears by the prior patents of Shaler and of Dinsmore. In the stove of the Shaler patent the perforations extend throughout the body. This stove has a perforated top plate. The stove of the Dinsmore patent has a closed top plate. If there is any patentable novelty in the stove of the present patent, it must be found in the peculiarity of the perforations. What this consists in can only be definitely ascertained from the statement in the specification that there is practically no draft into the stove except at the bottom. A stove in which the perforations will not effect this result does not contain the "small perforations" or the "closely perforated" body of the claims. The stoves of the appellee do not contain them, and consequently they do not infringe the claims.

For these reasons, we do not deem it necessary to consider whether the use of the interior glass cylinder in the appellee's stove is or is not important in determining the question of infringement.

The judgment of the circuit court is affirmed, with costs.